In re NBS TECHNOLOGIES, INC. and
Card Technology Corporation,
Petitioners.

Misc. No. 878.

United States Court of Appeals,
Federal Circuit.

Aug. 5, 2008.

Before BRYSON, Circuit Judge,
CLEVENGER, Senior Circuit Judge, and
PROST, Circuit Judge.

ON PETITION FOR WRIT
OF MANDAMUS

BRYSON, Circuit Judge.

*ORDER*

NBS Technologies, Inc. (NBS) and Card Technology Corporation (CTC) petition for a writ of mandamus * to direct the United States District Court for the District of Minnesota to (1) vacate its order imposing sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(A) and (2) sign a letter rogatory to obtain the testimony of its previous managing agent.

CTC sued DataCard Corporation for patent infringement. DataCard counterclaimed against CTC and NBS for infringement of its own patents and also filed a counterclaim against CTC alleging tortious interference with a prospective

contract to deliver services to the Government of Nigeria. DataCard sought to depose Steve Hudson, who was then CTC's managing agent. CTC states that Hudson resides in Germany. Hudson refused to appear for a deposition and, through counsel, stated that he preferred to respond to letters rogatory. DataCard filed a motion to compel the deposition of CTC through its managing agent, Hudson. The district court granted the motion to compel. CTC requested and directed that Hudson appear but Hudson refused. DataCard filed a motion for sanctions. CTC terminated Hudson's employment.

The district court granted DataCard's request for sanctions. The district court admitted certain facts as established, i.e., that a commission paid by CTC was to be used for bribes to Nigerian government officials, that CTC knew of that purpose, and that CTC agreed to pay the bribes so that it and not DataCard would receive a contract. The district court also precluded certain testimony by Hudson at trial and granted DataCard its reasonable expenses incurred in bringing the motion for sanctions.

The court also rejected CTC's request for issuance of letters rogatory. The district court stated:

> The Court also finds that the issuance of Letters Rogatory are not a comparable substitute for deposition testimony. Testimony obtained through Letters Rogatory is unsworn and is in a narrative format. Furthermore, and most importantly, there is no opportunity to cross-examine the witness.

CTC argues that the sanction was an abuse of discretion because CTC attempted to require Hudson to appear for deposi-

---

* CTC also submits a newspaper article concerning the district court case. We decline to take judicial notice of the article.

tion, that the sanction is too harsh, and that the district court abused its discretion when it declined to issue letters rogatory.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed.Cir.1985).

We are not convinced that CTC has no other means of attaining the relief desired by appealing any adverse final judgment, if appropriate. CTC can raise these issues on appeal, if it does not prevail after trial. "Although a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances 'would undermine the settled limitations upon the power of an appellate court to review interlocutory orders.'" *Allied Chem.*, 449 U.S. at 35, 101 S.Ct. 188 (citation omitted). We are not persuaded that mandamus should be granted based on CTC's assertions that it "will lose Mr. Hudson's testimony" or that the district court's order will cause "immediate and irreparable harm to CTC" because it "is likely to infect each judgment of credibility and each decision the jury is asked to make in a manner that cannot be quantified on appeal." CTC has not met its difficult burden in a petition for a writ of mandamus to establish a clear abuse of discretion in the district court's sanctions ruling or in the district court's ruling not to issue letters rogatory.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.